878 F.2d 1444
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
William J. SESKO, Petitioner,
v.
DEPARTMENT OF the NAVY, Respondent.
 No. 88-3465.
 United States Court of Appeals, Federal Circuit.
 May 5, 1989.
 
 Before NIES, Circuit Judge, BALDWIN, Senior Circuit Judge, and BISSELL, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 William J. Sesko seeks review of the final decision of the Merit Systems Protection Board, No. SE04328710343, sustaining the Department of the Navy's decision to remove him from his position as a Mechanical Engineer, GS-11, for "unacceptable performance" under 5 U.S.C. Sec. 4303(a) (1982). We affirm.
 
 OPINION
 
 2
 But for the poorly written--partially backward--general standards applicable to his position, Sesko would have no defense here. It was, of course, the Navy's responsibility to set forth objective performance standards. In that regard the Navy has specifically been told to review and revise its Chapter 43 standards as necessary. See Eibel v. Department of the Navy, 857 F.2d 1439 (Fed.Cir.1988). In Eibel, this court held that the Navy could not remove an employee for "unacceptable performance," because it had failed to provide standards which met the statutory requirement of providing "objective criteria" for the accurate evaluation of job performance. However, the situation here is distinguishable. In Eibel no detailed, written, specific improvement plan was provided which told the employee what he had to do to keep his job. Here, Sesko's supervisor was meticulous in explaining what had to be done. Thus, the circumstances are not the same. While the standards appear garbled to an outsider, both parties had come to agreement as to what they meant in Sesko's case.
 
 
 3
 We have carefully reviewed all of Sesko's assertions but we are unpersuaded that the agency action taken was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law or obtained without procedures required by law, rule, or regulation having been followed. See 5 U.S.C. Sec. 7703(c) (1982); Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).